IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

OQUESHIA ANDREWS                         :
                                         :
        Plaintiff,                       :
                                         :
                                         :        Civil Action File No.:
v.                                       :
                                         :
CARMEL BIGGERS, JR., in his individual   :
and official capacity; TIM POUNDS,       :        Jury Trial Demanded
in his official capacity as Douglas County :
Sheriff,                                 :
                                         :
        Defendants.                      :
_____

## COMPLAINT FOR DAMAGES

        COMES NOW, Plaintiff Oqueshia Andrews (hereinafter "Plaintiff"), by and

through her undersigned counsel, and files this Complaint for Damages against

Defendants Douglas County Sheriff Tim Pounds, in his official capacity,

(hereinafter "Sheriff") and Carmel Biggers, Jr., in his individual and official

capacity, (collectively referred to as "Defendants") and shows the Court as

follows:

## JURISDICTION AND VENUE

1.

1

Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1343 on the grounds that this action arises under 42 U.S.C. § 1983 (hereinafter, "§ 1983"), and the Fourth and Fourteenth Amendments of the United States Constitution.

2.

In addition, Plaintiff invokes this Court's pendent jurisdiction pursuant to 28 U.S.C. § 1367 with respect to Plaintiff's state law claims.

3.

The venue of this action is properly placed in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391, because the activities giving rise to Plaintiff's claims transpired in this district and Defendants are residents of this district.

4.

All conditions precedent to jurisdiction under ante litem notices have either occurred or been complied with; specifically, Plaintiff has sent a timely ante litem notice to the Douglas County Sheriff by and through its agents on March 8, 2018 which was received by the Douglas County Sheriff on March 10, 2018.  A true copy of the return receipt issued by the United States Postal Service with the signature of an agent of the Douglas County Sheriff is attached as Exhibit A. Plaintiff has brought suit within three years of the accrual of her cause of action for

her § 1983 claim and within two years of the accrual of his cause of action for her state law claims.

## PARTIES

5.

Plaintiff is a female citizen of the United States of America, a resident of the State of Georgia, and is subject to the jurisdiction of this Court.

6.

Defendant Biggers is a citizen of the United States of America, resident of the State of Georgia, and is subject to the jurisdiction of this Court.

7.

Defendant Douglas County Sheriff's Office who maintains its principal office at 8470 Earl D. Lee Blvd., Douglasville, Georgia 30134, is subject to the jurisdiction of this Court. It may be served by delivering process to its Sheriff Tim Pounds, who is the proper agent for service of process, at said address.

## STATEMENT OF FACTS

8.

On or around January 23, 2017 through May 22, 2017 (hereinafter, the "Relevant Period"), Plaintiff was an inmate at the Douglas County Jail.

9.

3

Defendant Biggers was a Douglas County Sheriff employee assigned to the Douglas County Jail during the Relevant Period.

10.

During the Relevant Period while Plaintiff was an inmate at the Douglas County Jail, Defendant Biggers fondled Plaintiff's body and forced his tongue down Plaintiff's mouth, without Plaintiff's consent on multiple occasions.

11.

During the Relevant Period while Plaintiff was an inmate at the Douglas County Jail, Defendant Biggers watched Plaintiff's naked body while she showered, without Plaintiff's voluntary consent on multiple occasions.

12.

Plaintiff has sent a demand letter to Defendant Sheriff on March 24, 2018 in an attempt to resolve this dispute to which Defendant Sheriff has not responded.

## CLAIMS FOR RELIEF

### COUNT I
### FOURTH AND FOURTEENTH
### AMENDMENT VIOLATION AND
### VIOLAITON OF 42 U.S.C. § 1983

13.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

4

14.

During the Relevant Period, Defendant Biggers fondled Plaintiff's body and forced his tongue down Plaintiff's mouth, without Plaintiff's consent.

15.

Defendant Sheriff's policies encouraged or condoned the actions of Defendant Biggers outlined above.

16.

The actions of Defendants set out above violated Plaintiff's right to be free from unlawful seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

17.

As a proximate cause of Defendants' unlawful actions, Plaintiff was damaged in an amount to be determined at trial.

18.

Plaintiff, as a citizen and individual residing within the jurisdiction of the United States, is entitled to declaratory and injunctive relief to ensure Defendants' unlawful actions and practices be discontinued.

## COUNT II
## INTRUSION UPON SECLUSION

19.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

20.

Defendant Biggers' actions violated Plaintiff's right of privacy when he watched Plaintiff's naked body while she showered, without Plaintiff's consent.

21.

Defendant Sheriff is strictly liable for the acts of Defendant Biggers and Defendant Sheriff is therefore liable for all general and special damages proximately resulting from Defendant Biggers' actions.

## COUNT III
## INTENTIONAL INFLICTION OF
## EMOTIONAL DISTRESS

22.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

23.

Defendants' conduct was extreme and outrageous.

24.

Defendants intended to inflict severe emotional distress or knew that there was a high probability that their conduct would have this effect.

6

25.

Defendants conduct actually caused severe emotional distress.

26.

Defendant Sheriff is strictly liable for the acts of Defendants Biggers and all Defendants are therefore liable for all general and special damages proximately resulting from their intentional infliction of emotional distress.

## COUNT V
## BATTERY

27.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

28.

Defendant Biggers intended to fondle Plaintiff's body and force his tongue down Plaintiff's mouth.

29.

Defendant Biggers did fondle Plaintiff's body and force his tongue down Plaintiff's mouth.

30.

Defendant Biggers' actions are offensive in nature.

31.

7

Defendant Biggers' actions were made was without the consent of Plaintiff.

32.

The aforementioned non-consensual offensive touching and actions caused Plaintiff damages.

33.

As a direct and proximate result of Defendant Biggers' unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

## PUNITIVE DAMAGES

34.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35.

Defendants' actions with respect to Plaintiff have shown willful misconduct, malice, fraud, wantonness, oppression, and a complete want of care, thus entitling Plaintiff to an award of punitive damages in order to deter, punish and penalize Defendants for and from such conduct in the future.

## ATTORNEY'S FEES

36.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

37.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. § 1988.

38.

Plaintiff is also entitled to an award of attorney's fees and expenses of litigation on each and every cause of action under state law alleged herein, because Defendants have acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

1) General damages for mental and emotional suffering caused by Defendants' misconduct;

2) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including Defendant Sheriff's ratification, condonation, and approval of said acts;

3) Post judgment interest thereon as permitted by law;

4) Reasonable attorney's fees and expenses of litigation;

5) Trial by jury as to all issues;

6) Prejudgment interest at the rate allowed by law;

7) Declaratory relief to the effect that Defendants have violated Plaintiff's constitutional rights;

8) Directing Defendant Sheriff to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue; and

9) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 31st day of December, 2018.

  /s/ David G. Cheng
LAW OFFICE OF ATTORNEY DAVID CHENG, LTD.
David Cheng, Esq.
Georgia Bar No. 762468
1801 Peachtree Rd. NW
Suite 155
Atlanta, Georgia 30309
Tel: (334) 451-4346
Fax: (312) 626-2487
E: david@considerdavidcheng.com

*Attorney for Plaintiff*

10

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia.  Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 31st day of December, 2018.

<u>/s/ David G. Cheng</u>
David G. Cheng
Georgia Bar No. 762468